42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry W. WILMETTE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-55679.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1994.*
Decided Nov. 17, 1994.
 
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties are familiar with the facts, so we need not recite them here. In his Request for Reconsideration, Jerry Wilmette stated that after 20 to 30 minutes of sitting, his legs would get very numb and he would have to get up and move around. However, at the hearing Wilmette testified three separate times that he could sit for forty to forty-five minutes before numbness started setting in. Even assuming that the ALJ had conflicting evidence before him concerning the length of time that Wilmette could sit, it is the trier of fact and not the reviewing court which must resolve conflicts in the evidence. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). Substantial medical and nonmedical evidence supports the finding that Wilmette can sit for forty to forty-five minutes at a time, for six hours out of an eight-hour day. These assumed facts were supported in the record, and therefore properly made a part of the hypothetical question propounded by the ALJ to the vocational expert. See Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir.1989).
 
 
 3
 Wilmette is correct that the ALJ's hypothetical mentioned numbness, but not pain. However, the ALJ took Wilmette at his word and specifically included in the hypothetical various limitations, including the restriction that Wilmette "couldn't sit more than 40, 45 minutes at a time." Thus, the hypothetical incorporated limitations due to Wilmette's pain. Furthermore, Wilmette, who was represented at the hearing by counsel, agreed that the ALJ had fairly described his limitations in the hypothetical.[1] We therefore also reject Wilmette's claim that the hypothetical was defective because it did not include his occasional need for a cane, his difficulty in climbing stairs, his trouble sleeping, and use of prescription medicine. In addition, we note that the hypothetical accounts for Wilmette's difficulty in walking and that there was no testimony or evidence of limiting effects of the pain medication. A hypothetical posed to a vocational expert must fully reflect all of the relevant limitations on a claimant's activity. DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir.1991); Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir.1988); see also Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir.1993). The hypothetical in this case does so.
 
 
 4
 There was testimony by the vocational expert regarding specific sedentary bench assembler-type jobs Wilmette could perform with his residual functional capacity. Thus, substantial evidence supports the finding that Wilmette could perform alternate substantial gainful activity and that he is therefore not disabled under the Social Security Act.
 
 
 5
 We have reviewed de novo the district court's summary judgment order upholding the Secretary's denial of benefits. See Travers v. Shalala, 20 F.3d 993, 995-96 (9th Cir.1994). Because substantial evidence supports the decision of the Secretary and correct legal standards were applied, we affirm.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The exchange was as follows:
 [ALJ]: All right. Let me ask a hypothetical question. Assume that there's an individual that's 49 years old, has the claimant's education which is [ ] up to sixth grade, so it's marginal education. But he can read and write well enough to fill out some Social Security forms. And he can perform the demands of work with the following limitations: that he couldn't walk more than half a block or 10 or 15 minutes at a time; or stand more than 10 minutes at a time; couldn't be on his feet more than two hours in a work day; couldn't sit more than 40, 45 minutes at a time; and couldn't lift more than 20 pounds at a time. Also, he couldn't do any repetitive bending or stooping, and his hands would go numb occasionally, but by shaking his hands he could make the numbness go away. Now, Mr. Wilmette, have I fairly described your limitations?
 [Claimant]: Yes, sir.