46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon S. THOMAS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-16119.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1994.
Decided Jan. 11, 1995.
 
 Before: TANG, REINHARDT, and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Leon S. Thomas appeals the district court's summary judgment in favor of the Secretary of Health and Human Services. The Secretary found Thomas ineligible for Social Security disability benefits under Title II of the Social Security Act because he retained the ability to perform his past relevant work as a golf course mechanic and motorcycle mechanic. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 2
 Thomas alleged an inability to work since December 1, 1979, due to a separated spine and gouty arthritis. He met the special insured status requirements of the Social Security Act on his alleged onset date of December 1, 1979, and last met them on March 31, 1981, the date when his disability insurance expired. Therefore, only disabilities existing before March 31, 1981 can establish Thomas' entitlement to insurance benefits. Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir.1984).
 
 
 3
 We review the district court's order upholding the Secretary's denial of benefits de novo. Travers v. Shalala, 20 F.3d 993, 995-96 (9th Cir.1994). The decision of the Secretary must be affirmed if it is supported by substantial evidence and the Secretary applied the correct legal standards. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993).
 
 II.
 
 4
 In coming to a decision, the administrative law judge (ALJ) considered Thomas' testimony and the medical reports of a number of doctors who treated Thomas over the years, including a Veteran's Administration (VA) physician whom Thomas saw periodically from 1968 to 1977; a United States Air Force physician who treated Thomas' gout problem in June, 1961; Dr. Sosnow, who evaluated Thomas' hernia in March, 1981; Dr. Lawrence, who treated Thomas for his back problem in 1969; and Dr. Marc Rosen, who treated Thomas from December, 1984 to January, 1985 for a broken arm. The ALJ also examined letters from Thomas' former co-workers at the motorcycle dealership where Thomas worked as a mechanic from approximately 1977 to 1979.
 
 
 5
 The medical reports detailed Thomas' various medical ailments: his lower back problems, hernia, gout and broken arm. However, all but one of the medical reports lacked statements regarding specific restrictions on Thomas' ability to engage in work-related activities. The only report describing Thomas' physical limitations was Dr. Lawrence's medical report, which mentioned a 35-pound maximum lifting restriction.
 
 
 6
 The VA Medical Center treatment records, pertaining to the period from August 15, 1968 to March 9, 1977, did not indicate that Thomas had a disabling impairment. In fact, the progress reports consistently indicated that Thomas could function normally despite his complaints.[1]
 
 
 7
 Dr. Lawrence diagnosed Thomas' back condition and, in 1969, he concluded that Thomas was permanently disabled and recommended that Thomas should retire from the civil service. Dr. Lawrence restated his diagnosis in a letter dated September 10, 1970, adding that Thomas' condition permitted him to lift a maximum of thirty-five pounds.
 
 
 8
 However, the ALJ rejected Dr. Lawrence's opinion because it was made in connection with a determination of Thomas' eligibility for disability retirement under the civil service retirement system, a determination which differs from that under the social security disability insurance system. Moreover, Dr. Lawrence's opinion was unsubstantiated by detailed clinical or laboratory findings and was contradicted by the detailed findings and opinions of other treating and examining physicians.
 
 
 9
 Finally, Thomas testified that, after his disability retirement, he worked as a motorcycle mechanic and golf course mechanic. Thus, Dr. Lawrence's diagnosis that Thomas was permanently disabled and had a weight restriction of thirty-five pounds did not preclude Thomas from performing those jobs.
 
 
 10
 The spinal separation caused Thomas much pain, as he testified, but there was no medical evidence that he had trouble sitting or standing, or that he was undergoing physical therapy or taking prescription pain medication for his lower back pain. The gout condition was reported to be under control through medication and diet. Under Bunnell v. Sullivan, 947 F.2d 341 (9th Cir.1991), the claimant must first produce medical evidence of an underlying impairment. Thomas did so here, providing medical records demonstrating the existence of spondylolisthesis, gout, and a hernia. Once the claimant comes forward with evidence of an underlying impairment, the ALJ may not reject his allegations solely because they are not supported by objective medical evidence. Id. at 343. The adjudicator may, however, discredit the claimant's testimony due to an unexplained failure to seek treatment. Id. at 346. In this case, the ALJ's decision points out that, during the relevant period, the claimant "was not taking pain medication, receiving regular medical treatment, and was not participating in other therapy or treatment normally associated with a severe pain syndrome." Thomas offered no reasons for failing to obtain treatment. In light of this unexplained failure to receive treatment, the ALJ was justified in rejecting Thomas' allegations.
 
 
 11
 Based on substantial medical evidence, the ALJ properly concluded that Thomas retained the residual functional capacity to perform his past relevant work as a motorcycle mechanic and golf course mechanic on or before March 31, 1981, the date when his disability insurance expired.
 
 III.
 
 12
 Referring to Social Security Ruling (SSR) 83-20, Thomas contends that the Secretary ought to have used the services of a medical advisor to infer an onset date of disability before the expiration of his disability insured status on March 31, 1981. He argues that this additional evidence would have led to a finding that Thomas was disabled prior to the expiration of his fully-insured status on March 31, 1981. Therefore, omission of such evidence constitutes reversible error, or at least requires a remand.
 
 
 13
 SSR 83-20 sets forth guidelines for determining the disability onset date and requires that all relevant medical records be obtained for determining the onset date. "In the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make a determination." DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir.1991).
 
 
 14
 We reject Thomas' contention that Social Security Ruling 83-20 is applicable to his case. The disability onset date is "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20. In this case, the ALJ determined that Thomas was not disabled "at any time through the date of the decision." Because the ALJ found that Thomas was not disabled at any time, the question of when he became disabled simply does not arise.
 
 
 15
 In arguing that the ALJ was bound to abide by SSR 83-20, Thomas relies on DeLorme and Morgan v. Sullivan, 924 F.2d 841 (9th Cir.1991). Neither of these cases supports his position. In both DeLorme and Morgan, there was evidence indicating that the claimant was disabled at some point after the date last insured. DeLorme, 924 F.2d at 844; Morgan, 945 F.2d at 1080. Consequently, the question of when the claimant first became disabled was at issue in both cases. Here, by contrast, the ALJ explicitly found that Thomas was not disabled at any time, either before or after his date last insured. Thomas does not contest this decision on the merits, but only the ALJ's failure to abide by SSR 83-20. In light of the ALJ's conclusion that Thomas was not disabled at any time, there was no need to consider the disability onset date. Therefore, the ALJ was not bound to follow the procedures prescribed in SSR 83-20.
 
 IV.
 
 16
 Because the Secretary's decision that Thomas could return to his past relevant work was supported by substantial evidence, and because SSR 83-20 is inapplicable to this case, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 [1]
 For example, an examination in February 1976 showed that Thomas had full range of motion of the shoulders and hips, and a progress note dated April 19, 1976 included the notation, "unable to explain multiplicity of complaints."