62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy H. CARTER, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of Social
Security, Defendant-Appellee.
 No. 93-36145.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1995.
Decided Aug. 7, 1995.
 
 1
 Before: HUG and FERGUSON, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jimmy H. Carter appeals the district court's affirmance of the Secretary of the Health and Human Service's ("Secretary") final decision denying Carter benefits. We review de novo the district court's order upholding the Secretary's denial of benefits. Travers v. Shalala, 20 F.3d 993, 995-96 (9th Cir. 1994); Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993). We must affirm the Secretary's decision if it is supported by substantial evidence. Matthews, 10 F.3d at 679. "Substantial evidence, considering the entire record, is relevant evidence that a reasonable person might accept as adequate to support a conclusion." Id.
 
 
 4
 Carter claims the ALJ was obligated to develop the record more fully because he was unrepresented by counsel at the hearing. See Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992) (ALJ must diligently develop record where applicant is pro se). Carter alleges the ALJ's development of the record was deficient in two respects: 1) the ALJ asked insufficient questions of Carter regarding his alcohol abuse, and 2) the ALJ failed to sufficiently develop the details of the vocational expert's testimony concerning the work environment in which Carter could allegedly perform.
 
 
 5
 We disagree. First, it is undisputed that Carter suffered from chronic and extensive alcoholism. The ALJ acknowledged this and his personality disorder, but found it was not disabling. Second, when deciding that Carter could engage in substantial gainful activity, the vocational expert relied upon a hypothetical encompassing each limitation supported by the record. The ALJ is entitled to rely on the vocational expert's testimony that a job's working environment is appropriate for an individual with the hypothetical limitations.
 
 
 6
 Next Carter argues that insufficient evidence supports the finding that his alcoholism was controllable. Again, the ALJ relied upon the medical evidence in finding that Carter's alcoholism, while severe, was controllable. There is no authority that requires the ALJ to direct her inquiry specifically to the claimant or his spouse. In this case, the ALJ adequately developed the record regarding the controllability of Carter's alcoholism. Substantial evidence supports the ALJ's conclusion that Carter's alcoholism was controllable, and therefore, not disabling. Cooper v. Bowen, 815 F.2d 557, 560 (9th Cir. 1987).
 
 
 7
 Carter also claims that the ALJ erred by failing to make credibility findings concerning his wife's testimony. Carter's argument is misplaced. In the cases Carter cites for this proposition, the ALJ had discredited a witness's testimony and was therefore required to specify the reasons for his or her disbelief. See, e.g., Ceguerra v. Secretary, 933 F.2d 735, 738 (9th Cir. 1991) (ALJ must make findings in the record when her decision rests on negative credibility evaluation). In contrast, the ALJ in this case accepted Carter's wife's testimony and included it in the hypothetical submitted to the vocational expert. The ALJ is not required to make a credibility finding in this circumstance.
 
 
 8
 There is some confusion as to whether the job of woodworker, if limited to the use of sanding machines, qualifies as Carter's past relevant work. Apparently, the ALJ characterized both sanding jobs as past relevant work. Because the record supports a finding that Carter can also perform a custodial job, any error by the ALJ in characterizing the sanding jobs as past relevant work was harmless. Brawner v. Secretary, 839 F.2d 432, 434 (9th Cir. 1988) (per curiam).
 
 
 9
 Finally, Carter contends that the ALJ violated 20 C.F.R. Sec. 404.946(a) by reopening issues previously decided in his favor. Assuming this is true, the error is nevertheless harmless. Because Carter can engage in substantial gainful activity as a custodial worker, the outcome would remain the same and Carter would not be considered disabled under the Social Security Act.
 
 
 10
 The district court properly affirmed the final decision of the Secretary of Health and Human Services. The Secretary's findings are supported by substantial evidence. Any error committed by the ALJ was harmless.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3