67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harish K. BHARTI and Anoop Bharti, husband and wife,
Plaintiffs-Appellants,
v.
KING COUNTY; Bruce Knutson; Jane Doe Knutson; Pat Nixon;
Gary Tomlinson; et al., Defendants-Appellees.
 No. 94-35599.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1995.*
Decided Sept. 26, 1995.
 
 1
 Before: ALARCON and CANBY, Circuit Judges and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Harish Bharti ("Bharti") appeals from the district court's issuance of a protective order and grant of summary judgment in favor of King County and various officials of its Superior Court ("King County"). This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 4
 Bharti served the King County Superior Court as a volunteer Court Appointed Special Advocate ("CASA") and as a member of the Conference Committee Diversion Program from 1987 until June 19, 1989. On October 27, 1993, Bharti filed an action in the district court against King County alleging that he had been wrongfully discharged from his position in violation of both public policy and his federal constitutional and statutory rights.
 
 
 5
 In May 1989, Bruce Knutson, the Conference Committee director, informed Bharti that he had concerns regarding Bharti's performance as a CASA volunteer. On June 19, 1989, Knutson wrote Bharti reiterating his disapproval of Bharti's performance. The letter concluded: "I am terminating your volunteer services with King County Superior Court. This decision is effective immediately." Gary Tomlinson, the Superior Court administrator, wrote to Bharti on July 12, 1989, confirming the dismissal and informing Bharti that Knutson's decision was not subject to a formal review process. In a letter dated January 17, 1990, Tomlinson informed Bharti that the dismissal from the Conference Committee was appealable. Bharti was given until April 6, 1990 to respond to Knutson and to initiate the appeal process. No response from Bharti appears in the record.
 
 
 6
 The October 27, 1993 action arises from Bharti's termination as a Superior Court volunteer. After Bharti filed an amended complaint on April 8, 1994, King County filed a motion to dismiss on April 15, 1994. King County argued, among other things, that Bharti's claims were time-barred by Washington's statute of limitations. King County submitted declarations in support of its contention that Bharti's claims were time-barred. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the district court considered King County's motion to dismiss as a Rule 56 motion for summary judgment.
 
 
 7
 On April 19, 1994, Bharti filed a motion to compel answers to interrogatories and production of documents requested through discovery. King County responded with a cross-motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In support of this motion, King County argued that responding to discovery requests while the summary judgment motion was pending would be unduly burdensome.
 
 
 8
 The district court denied Bharti's motion to compel and granted the protective order on May 13, 1994. Bharti's motion to reconsider was denied. On June 6, 1994, the district court granted King County's summary judgment motion, ruling that Bharti's claims were time-barred by Washington's applicable statute of limitations. The district court did not address the other issues raised in King County's motion for summary judgment.
 
 
 9
 Bharti appeals both from the June 6, 1994 grant of summary judgment and the May 13, 1994 protective order.
 
 II.
 
 10
 The parties do not dispute that Washington's three-year statute of limitations on personal injury actions governs Counts I, II, IV, V, and VI of Bharti's complaint. Wash.Rev.Code Ann. Sec. 4.16.080(2) (West 1989). Nor do they dispute that Count III is governed by the two-year statute of limitations for defamation actions. Wash.Rev.Code Ann. Sec. 4.16.100 (West 1989). These statutes time-bar Bharti's claims if the claims accrued on or before October 27, 1990. The district court's order granting summary judgment reflects the court's determination that there was no genuine issue of material fact regarding the date that Bharti's claims accrued.[1]
 
 
 11
 In his affidavit opposing summary judgment, Bharti contends that King County "misrepresented the facts relating to [his] real status with [the] CASA program." The district court interpreted this statement as an attempt by Bharti to invoke the doctrine of equitable estoppel and thus to prevent King County from asserting the statute of limitations as the basis of its summary judgment motion. In its order granting summary judgment, the district court ruled that Bharti "failed to prove the elements of equitable estoppel sufficient to withstand [King County's] well-documented motion [for summary judgment]." On appeal, Bharti claims that the affidavit, "by itself, should destroy any legitimate claim for Summary Judgment."
 
 
 12
 "[E]quitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." Stitt v. Williams, 919 F.2d 516, 522 (9th Cir.1990). Addressing the question of equitable estoppel often requires the court to go beyond the affidavits and to assess the credibility of witnesses. Aronsen v. Crown Zellerbach, 662 F.2d 584, 595 (9th Cir.1981), cert. denied, 459 U.S. 1200 (1983). Accordingly, when equitable estoppel is an issue, a court affirming a grant of summary judgment must determine that "the facts as alleged could not be reasonably construed as permitting equitable estoppel[.]" Id.
 
 
 13
 Bharti states in his affidavit that he was told by Tomlinson on several occasions that the June 19, 1989 termination letter was "rash and incorrect ... and [you] should disregard it." According to Bharti's affidavit, Tomlinson made these statements prior to May 15, 1989. Bharti does not explain how Tomlinson could have told him in May to disregard a letter that was not even written until June 19th. Furthermore, even if Bharti received mixed signals prior to June 19th, the July 12, 1989 letter from Tomlinson was an unequivocal confirmation of the June 19, 1989 termination.
 
 
 14
 Bharti also contends that the ongoing Ombudsman process invited him to delay filing a complaint. This argument is without merit. The Ombudsman process concluded October 17, 1990, more than three years before the action was filed.
 
 
 15
 The facts as alleged by Bharti do not demonstrate that King County's conduct compels the application of the doctrine of equitable estoppel. Bharti clearly does not satisfy the traditional elements of the doctrine. See Robinson v. City of Seattle, 830 P.2d 318, 345 (Wash.), cert. denied, 113 S.Ct. 676 (1992). ("The elements to be proved are: first, an admission, statement, or act inconsistent with a claim afterwards asserted; second, action by another in reasonable reliance on that act, statement, or admission; and third, injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission."). Bharti has not demonstrated that his failure to file a complaint until his claims were time-barred was caused by his reasonable reliance on intentional or misleading conduct and statements. Consequently, the district court did not err by allowing King County to assert the statute of limitations as a basis for summary judgment.
 
 III.
 
 16
 Bharti next contends that the protective order deprived him of "the opportunity to obtain documents and testamentary evidence, which would permit [him] to intelligently oppose the Motion for Summary Judgment." He argues that this erroneous denial constitutes reversible error. This court reviews for abuse of discretion the district court's entry of a protective order barring discovery. Travers v. Shalala, 20 F.3d 993, 999 (9th Cir.1994).
 
 
 17
 Rule 26(c) of the Federal Rules of Civil Procedure gives a district court the discretion to issue a protective order barring discovery if the discovery request is unduly burdensome or expensive. The Supreme Court has stated that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, cert. denied, 467 U.S. 1230 (1984). Thus, the district court was required to balance the burden placed on King County by Bharti's discovery request against the risk that protecting King County from such a burden would impair Bharti's ability to oppose the motion for summary judgment.
 
 
 18
 Because the motion for summary judgment was based on the failure to comply with the applicable statute of limitations, the only relevant discovery requests would be for information pertaining to the date Bharti's claims accrued. Bharti did not request any information or documents relevant to this issue. The interrogatories and document requests were broad and non-specific.
 
 
 19
 An affidavit attached to King County's motion for a protective order states that complying with Bharti's motion to compel "would entail a significant amount of time and work by Superior Court management and judges." King County argued that such a time commitment would be unduly burdensome in light of the fact that the discovery requests were unrelated to the pending summary judgment motion.
 
 
 20
 The record reflects that the district court considered the interests of the two parties in deciding whether to issue the protective order. Bharti's broad, non-specific discovery requests were insufficient to outweigh the definite burden that compliance with such requests would place on King County. Consequently, the district court did not abuse its discretion by denying Bharti's motion to compel and granting the protective order barring discovery.
 
 
 21
 Bharti also contends that the issuance of the protective order provides support for his equitable estoppel argument. He argues that King County should be estopped from asserting the defense of the statute of limitations because its attempt to obtain the protective order was part of a deliberate scheme to conceal information and to delay his filing of the lawsuit. This argument is wholly without merit. Discovery did not commence until after Bharti filed this action. It is difficult to understand how an event that occurred post-filing could be proffered as evidence of a purposeful tactic by King County to delay Bharti's filing of the complaint until after the statute of limitations had run. Bharti's contention that the protective order prevented him from discovering what it was that lulled him into inaction and induced him to delay filing this action is equally without merit.
 
 
 22
 Accordingly, we conclude the district court did not err by allowing King County to argue that the applicable statute of limitations time-barred Bharti's claims. We also conclude the district court's decision to grant the protective order was a proper exercise of its discretion.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Bharti does not directly challenge the district court's finding as to when the claims accrued. In his complaint, Bharti refers to an October 28, 1990 "communication" from King County terminating him from the CASA program. In his brief, Bharti states: "[T]he termination was reinstated by a letter dated October 28, 1990." However, Bharti does not make the argument that this letter raised a genuine issue of material fact precluding the grant of summary judgment in favor of King County. The only issue raised on appeal pertaining to the merits of the grant of summary judgment is whether King County should be estopped from asserting the statute of limitations defense