105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cynthia TERWILLIGER, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 94-35477.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 17, 1996.
Decided Jan. 6, 1997.
 
 Before: WALLACE, D.W. NELSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cynthia Terwilliger (Claimant) appeals from a denial of Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383d. After a hearing, the administrative law judge (ALJ) upheld the finding of the Secretary of Health and Human Services that Claimant was not disabled within the meaning of the Act. After the Appeals Council declined review, Terwilliger appealed this final administrative decision to the district court pursuant to 42 U.S.C. § 405(g). The district court affirmed the Secretary's decision, and Terwilliger appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and reverse the decision below.
 
 
 3
 * The Secretary has established a five-step sequential evaluation process for determining whether a person is disabled within the meaning of the Act. 20 C.F.R. § 416.920(b)-(f). See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). Having concluded at step four that Claimant had medical impairments preventing her from performing her past relevant work, the ALJ found at step five that Claimant was not disabled because her residual functional capacity enabled her to engage in other types of gainful employment existing in the national economy, including the jobs of clerical sorter, microfilm documenter, and surveillance monitor. See 42 U.S.C. § 1382c(a)(3)(B) (providing that individual is not disabled if she can "engage in any ... kind of substantial gainful work which exists in the national economy"). It is this finding that Claimant now challenges.
 
 
 4
 This Court reviews de novo the district court's order affirming the Secretary's denial of benefits. Travers v. Shalala, 20 F.3d 993, 995-96 (9th Cir.1994). We look to see whether the ALJ's decision is supported by substantial evidence and applies the correct legal standards. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992).
 
 II
 
 5
 Although Claimant raises several challenges to the ALJ's decision, we need only consider her contention that the ALJ improperly rejected her subjective pain testimony.
 
 
 6
 At the hearing, Claimant testified that because of the serious back pain caused by her medical impairments she did not think she could work more than two to three hours per day or more than two to three days per week. She also testified that sometimes during the course of the day she would have to lie down because of the pain. This testimony was corroborated by the testimony of Claimant's son, who testified that he did not think Claimant could work because of the pain she was in, and Claimant's roommate, who testified that he did most of the household chores and that Claimant was seriously burdened by her physical and mental problems.
 
 
 7
 In his decision, the ALJ rejected the testimony of Claimant, her son, and her roommate. The ALJ found that the subjective pain testified to (and its accompanying physical limitations) was not credible because the extent of the pain was not "endorsed" by Claimant's treating physician and was unsupported by anything in the record apart from the testimony itself.
 
 
 8
 When a claimant "produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc) (citing Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986)). While an ALJ may reject a claimant's subjective pain testimony for other reasons, the reasons "must be 'clear and convincing.' " Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993) (quoting Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989)). General findings will not suffice; the ALJ must identify which pain testimony is not credible and identify evidence supporting his conclusion. Id.
 
 
 9
 The same holds true for the testimony of a claimant's friends and family members in a position to observe the claimant's symptoms and daily activities. Such evidence may only be rejected by making specific credibility findings that are supported by substantial evidence in the record. Dodrill, 12 F.3d at 918-19; see also Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir.1987) ("Disregard of this evidence violates the Secretary's regulation that he will consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work. 20 C.F.R. § 404.1513(e)(2).").
 
 
 10
 The ALJ's rejection of Claimant's subjective pain testimony, as well as his rejection of the corroborating testimony of Claimant's son and roommate, was improper. The only reason given by the ALJ for rejecting this testimony is that Claimant's physician indicated on a physical assessment form that Claimant's physical impairment limits her to two to three hours per day of standing (one hour without interruption) and five hours per day of sitting (one to two hours without interruption). However, there is nothing in the record to indicate that this assessment by Claimant's physician was anything other than a measure of Claimant's objective limitations. As noted above, the failure of objective medical evidence to fully corroborate a claimant's subjective pain testimony is an insufficient basis for the rejection of such testimony. Bunnell, 947 F.2d at 345.
 
 
 11
 Additionally, we note that the ALJ found, based on the evidence in the record, that Claimant had a somatoform pain disorder. Thus, even if the record supported the conclusion that the pain to which Claimant testified exceeded that which could reasonably be associated with her physical disorders, such excess pain could properly be attributed to Claimant's somatoform disorder--a mental impairment that can form a legitimate basis for disability--rather than malingering. The ALJ's failure to investigate this possibility constituted further error. See Social Security Ruling 88-13 ("When medical signs and laboratory findings do not substantiate any physical impairment capable of producing the alleged pain ..., the possibility of a mental impairment as the basis for the pain should be investigated."); see also 20 C.F.R. § 422.406(b)(1) (providing that Social Security Rulings are binding on all components of the Social Security Administration); Heckler v. Edwards, 465 U.S. 870, 873 n. 3 (1984) (same).
 
 
 12
 In sum, the ALJ's rejection of Claimant's subjective pain testimony was improper.
 
 III
 
 13
 "The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir.1985). However, when the record clearly demonstrates that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, our cases indicate that an award of benefits is proper. Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir.1989); Varney v. Sec. of Health & Human Servs., 859 F.2d 1396, 1399-1401 & n. 3 (9th Cir.1988); Gallant v. Heckler, 753 F.2d 1450, 1456-57 (9th Cir.1984). When the restrictions on Claimant's capabilities attributed to her subjective pain testimony were included in the hypothetical to the vocational expert, he was of the opinion that Claimant could not engage in other types of gainful employment existing in the national economy. We therefore reverse and remand for the payment of SSI benefits.
 
 IV
 
 14
 We reverse the decision of the district court and remand with instructions to remand to the Secretary for the immediate payment of benefits.
 
 
 15
 REVERSED AND REMANDED.
 
 
 16
 WALLACE, Circuit Judge, concurring and dissenting:
 
 
 17
 I concur with all but part III of the disposition. Although I agree that the ALJ erred by discrediting Terwilliger's subjective pain testimony, I do not agree that "the record clearly demonstrates that the ALJ would be required to award benefits if [Terwilliger's] excess pain testimony were credited." Memo dispo. at 6.
 
 
 18
 Terwilliger's subjective testimony does not appear to support the severe limitations put to the vocational expert. The ALJ asked the vocational expert, "If a claimant with the same limitations ... [also] had to lie down a couple of hours a day as a form of relief, would that be a situation that would be unacceptable to employers?" The expert responded, "Yes it would." Yet Terwilliger testified only that when standing and washing dishes, "I might get through like just plates and some of the silverware and I have to go and sit down or sometimes even [lie] down." Terwilliger did not testify that she had to lie down for hours a day. Her testimony suggests only that she might have to lie down for a brief period if her job required periods of standing.
 
 
 19
 Although the ALJ posed the "couple of hours a day" question to the vocational expert, we do not know whether the ALJ actually found that Terwilliger needs to lie down for that long. The ALJ made it clear that his statements used during the posing of hypothetical questions were only assumptions, and not findings of fact: "I'm going to ask a couple of hypothetical questions and ... this is to assist me in evaluating some options in this case. It's not to mean that I have decided this matter. I will be deciding this later after further reviewing all of the evidence." (Emphasis added.) On remand, the ALJ might clarify his earlier statement and find that Terwilliger needs to lie down much less than "a couple of hours a day." If so, the ALJ would not need to award benefits. See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984) (where assumptions in a hypothetical to a vocational expert are not supported by the record, the expert's opinion has no evidentiary value).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3